IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JAMES WILLIAM ROBINSON**,

    Plaintiff,

  v.

**SAIF, et al.,**

    Defendants.

No. 3:12-cv-00120-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Presently in front of me is a Motion to Dismiss [15] filed by the State Accident Insurance Fund ("SAIF") and the Oregon Workers Compensation Board (collectively "defendants"). Pro se plaintiff James Robinson responded [19] and defendants replied [29]. For the following reasons, I *sua sponte* dismiss plaintiff's complaint without prejudice and with leave to amend. Defendants' motion to dismiss is denied with leave to renew.

## BACKGROUND

    Mr. Robinson injured his right hand in 2006 while working for defendant Starplex/CMS. (Compl. [2] 6). The present lawsuit stems from plaintiff's ensuing workers compensation claim. On January 20, 2012, plaintiff filed a fill-in-the-blank form complaint, in which he names as

1 – OPINION AND ORDER

defendants Starplex/CMS, SAIF, and the Oregon Workers Compensation Board (listed by plaintiff as "Workers Comp Board"). He alleges federal question jurisdiction based on "civil rights and discrimination." (*Id*. at 2–3). Plaintiff does not assert any actual claims, facts in support, or a prayer for relief. (*See id*. at 3–5). Mr. Robinson fails to indicate how these particular defendants discriminated against him or which of his civil rights were violated.

## DISCUSSION

Defendants argue that plaintiff's complaint should be dismissed with prejudice pursuant to the *Rooker-Feldman* doctrine or under the Eleventh Amendment. Mr. Robinson's complaint, however, fails for a more elementary reason. Under Fed. R. Civ. P. 8(a), a complaint must include: (1) claim(s) for relief; (2) a short and plain statement of the grounds for the court's jurisdiction; (3) a short and plain statement of the claim(s) demonstrating entitlement to relief; and (4) a demand for the relief sought. Mr. Robinson's complaint fails to include each of these rudimentary pleading requirements, and therefore, while this court construes pro se pleadings "liberally," *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985)), I *sua sponte* dismiss plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *See Omar v. Sea–Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (*citing Wong v. Bell*, 642 F.2d 359, 361–62 (9th Cir.1981)).

While plaintiff "cannot possibly win relief," *see id*., as currently pled, I dismiss his complaint without prejudice, and with leave to amend, and instruct that any amended complaint comply with the pleading requirements addressed above. If plaintiff wishes to survive a future Rule 12(b)(6) motion to dismiss, his amended complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The

plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Without knowing which claims plaintiff intends to bring, I am unable to provide additional instruction with regard to specific pleading requirements, but I do note that a court need not accept as true legal conclusions, because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Lastly, I deny defendants' motion to dismiss with leave to renew. It is premature to discuss the applicability of either the *Rooker-Feldman* doctrine or the Eleventh Amendment without first ascertaining the scope and nature of plaintiff's claims.

## CONCLUSION

I *sua sponte* DISMISS, with leave to amend, plaintiff's Complaint [2] for failure to state a claim. Defendants' Motion to Dismiss [15] is DENIED with leave to renew. Plaintiff shall have 30 days from the date of this Order to file an amended complaint.

IT IS SO ORDERED.

DATED this   10th   day of August, 2012.

/s/ Michael W. Mosman\
MICHAEL W. MOSMAN\
United States District Court